In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00444-CV


____________________



IN THE INTEREST OF R.W.S. and T.W.S






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. F-202,446






MEMORANDUM OPINION


 This is an appeal from the trial court's judgment terminating the rights of S.S. to her
minor children, R.W.S. and T.W.S. We affirm.

Background


 R.W.S. was born on December 30, 2006, and T.W.S. was born on December 18, 2007. 
Texas Department of Family and Protective Services ("the Department") petitioned the trial
court to terminate the parental rights of S.S. on multiple grounds. The trial court conducted
a termination hearing, at which both S.S. and her counsel were present. At the hearing, Child
Protective Services specialist Terra Collins testified that S.S. had been involved with Family-Based Safety Services, as well as the Drug Court Program, and was ordered to participate in
drug rehabilitation and to cooperate with the Department. S.S. was also required to remain
drug free, to cooperate with drug testing, to follow psychological recommendations, and to
inform the Department of any changes in her telephone numbers or physical address within
twenty-four hours. 

 Collins testified that S.S. did not completely follow any of the requirements, and that
after S.S. completed drug rehabilitation, her first drug test was positive for cocaine. Collins
testified that S.S. had been ordered into substance abuse treatment because her abuse of
controlled substances placed her children in danger, that S.S. was pregnant while she was in
treatment, and that S.S. tested positive for cocaine while she was pregnant. According to
Collins, S.S. continued to test positive for drugs after the children were removed. S.S. also
sometimes admitted her drug usage to Collins. Collins testified that S.S. had admitted
shooting cocaine into her veins, which is a behavior in which the most serious drug addicts
engage. S.S. also tested positive for benzodiazepines and methamphetamines. 

 Collins testified that S.S. had reported several different addresses, and that S.S. had
at times indicated she was "homeless and didn't have a stable place to stay." Collins
explained that during her work on the case, S.S. never had a place of her own. In addition,
Collins testified that S.S. was ordered to have weekly visits with the children, but S.S.'s visits
were sporadic. Collins also testified that S.S. did not "look like herself" at the hearing, and
Collins was concerned that S.S. had been using drugs recently. 

 According to Collins, S.S. has not provided for the children financially or materially
since the children were removed. Collins testified that the Department planned for the
children to be adopted, and that adoption would be in the children's best interest because
"they need some type of permanency in their life." Collins testified that the Department has
located a potential adoptive placement for the two children together. 

 S.S. testified that she went through drug rehabilitation twice, but she continued to use
drugs. S.S. explained that she has admitted to using drugs on several occasions since the
children were removed. In addition, S.S. admitted that she did not follow the court's
recommendations. S.S. admitted that her drug use was bad for her children, and that
although she knew it was dangerous, she used drugs once while she was pregnant with
T.W.S. S.S. also admitted that she used drugs while she was pregnant with R.W.S. despite
knowing it was dangerous to do so. S.S. admitted that she tested positive for drugs three
times while she was pregnant with R.W.S. Furthermore, S.S. admitted that she had used
cocaine a week before the trial. When asked whether she felt it was in the children's best
interest to live with her, S. S. responded, "I do. . . . But not right now." S.S. explained that
she wanted the court to consider placing the children with her family members. 

 At the conclusion of the hearing, the court found by clear and convincing evidence
that S.S. had (1) knowingly placed or allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the children; (2)
engaged in conduct or knowingly placed the children with persons who engaged in conduct
that endangers the children's physical or emotional well-being; (3) constructively abandoned
the children; (4) failed to comply with the provisions of the court order that established the
actions necessary to obtain the return of the children; and (5) used a controlled substance in
a manner that endangered the health or safety of the children. The court found that
termination was in the best interest of the children and terminated S.S.'s rights to the
children. S.S.'s trial counsel filed a motion for new trial and statement of points for appeal,
and trial counsel also filed a request for findings of fact and conclusions of law. In her
statement of points for appeal, S.S. contended the evidence was legally or factually
insufficient to support the trial court's findings. 

 The trial court filed findings of fact and conclusions of law, in which it found that S.S.
voluntarily left the children alone or in the possession of another and expressed an intent not
to return; voluntarily left the children alone or in the possession of another without
expressing an intent to return, without providing for the adequate support of the children, and
remained away for a period of at least three months; engaged in conduct or knowingly placed
the children with persons who engaged in conduct that endangered the physical or emotional
well-being of the children; contumaciously refused to submit to a reasonable and lawful order
of a court; constructively abandoned the children; failed to comply with the provisions of a
court order that established the actions necessary for her to obtain the return of the children;
and used a controlled substance in a manner that endangered the health and safety of the
children and continued to abuse a controlled substance after completion of a court-ordered
substance abuse treatment program. The trial court further found that termination of the
parent-child relationship between S.S. and the children is in the best interest of the children,
and that the relationship should be terminated. 

 The trial court subsequently conducted a hearing pursuant to section 263.405 of the
Family Code. See Tex. Fam. Code Ann. § 263.405 (Vernon 2008). S.S.'s trial counsel
appeared at the hearing. After the hearing, the trial court signed an order in which it denied
S.S.'s motion for new trial, found S.S. to be indigent, appointed appellate counsel to
represent S.S., and found S.S.'s statement of appellate points to be without merit. 

 Subsequently, after S.S. failed to file a brief, this Court ordered the trial court to
conduct a hearing to determine whether S.S. desired to prosecute her appeal and to make a
record of its findings. See Tex. R. App. P. 38.8(b)(3). At the hearing, Steve Thrower, the
senior criminal investigator for the Jefferson County District Attorney's office, testified that
he attempted to locate S.S. by researching public addresses that S.S. had "provided to
creditors, driver's license companies, social services, those kind of things[,]" and that he had
also checked the local jails. Thrower testified that S.S. was "not on the grid at any of the
information that she's provided. And I personally went by several residences and knocked
on doors and verified that she had moved from those residences." Thrower explained that
another investigator verified that S.S. had been at a halfway house about two months ago.
Thrower testified, "We understand she's in the company of a young man, but I don't have
a physical address as to get her located." Thrower explained that he also had a lead that
indicated that she was at an address in Beaumont, but when he checked with the residents at
that address, they did not have a forwarding address for S.S. 

 S.S.'s appellate counsel stated on the record that he had never had any contact with
S.S. Appellate counsel also stated on the record that he 

 sent the forms to [trial counsel] to process this, and we talked about it. And
at that time [trial counsel] was in contact with the woman. I left my phone
number with her, and she never called. Then I was I guess appointed at a
subsequent hearing, which I did not attend. 

 

 Until this new order came out, . . . my office never told me that I was
prosecuting. 


 Since this order came out and I talked to the DA . . . we basically have
been trying to find her; and, no, I have no phone contact, I have never talked
to the woman since the Day One [sic], not anything. So, I have nothing. 


Appellate counsel stated that he had obtained the phone numbers trial counsel had for S.S.,
but S.S. has never contacted him. Trial counsel stated that on the record that S.S. "called
several times after the hearing and every time she knew that [appellate counsel] was her
attorney and I gave her his number a couple of times. She hasn't called me back." Trial
counsel also stated that she had called all the numbers S.S. had provided, and most of them
were disconnected. 

 At the conclusion of the hearing, the court found that S.S. did not appear at the
hearing, and also found that "it does not appear that appellant desires to prosecute her
appeal." The trial court also signed an order, in which it summarized the testimony
concerning the various efforts to located S.S. and found that S.S. "does not wish to pursue
the appeal." S.S.'s appellate counsel subsequently filed a letter in which he stated that
because of the trial court's finding that S.S. does not wish to pursue her appeal, counsel did
not plan to file a brief. The Department filed a motion to dismiss, in which it noted the trial
court's finding that S.S. did not desire to prosecute her appeal and stated that the children
were awaiting adoptive placement. 

Analysis


 Because the trial court found that appellant no longer desires to appeal, and appellate
counsel has therefore decided not to file a brief, we now consider this appeal pursuant to
section 263.405(g) of the Family Code. See Tex. Fam. Code Ann. § 263.405(g) ("The
appellant may appeal the court's order . . . finding that the appeal is frivolous[.] . . . The
appellate court shall review the records and may require the parties to file appellate briefs on
the issues presented, but may not hear oral argument on the issues. The appellate court shall
render appropriate orders after reviewing the records and appellate briefs, if any.") (emphasis
added). The decision to terminate parental rights must be supported by clear and convincing
evidence. See In the Interest of J.F.C., 96 S.W.3d 256, 264 (Tex. 2002). A parent's rights
can be terminated by a finding that termination would be in the child's best interest and any
one of the statutory grounds for termination alleged by the Department and found by the trial
court. In the Interest of B.K.D., 131 S.W.3d 10, 16 (Tex. App.--Fort Worth 2003, pet.
denied); see also Tex. Fam. Code Ann. § 161.001 (Vernon 2008). 

 At the termination hearing, the trial court heard evidence that S.S. continued to use
drugs and tested positive for controlled substances after completing drug rehabilitation. The
trial court heard evidence, including S.S.'s own admissions, that S.S. continued to use
controlled substances while she was pregnant with both children, as well as after the
Department removed the children. S.S. admitted that she had used cocaine as recently as one
week before the termination hearing. The trial court also heard evidence that S.S.'s court-ordered visits with the children were somewhat sporadic, and that S.S. had not financially
provided for the children since the Department removed them. The clear and convincing
evidence adduced at the hearing supports the grounds for terminating S.S.'s parental rights. 
See Tex. Fam. Code Ann. § 161.001(1). In addition, said clear and convincing evidence
supports the trial court's determination that termination of S.S.'s parental rights was in the
best interest of R.W.S. and T.W.S. See id. § 161.001(2).

 The trial court did not err by finding that grounds for terminating S.S.'s parental rights
existed and that termination would be in the best interest of R.W.S. and T.W.S. In addition,
the trial court did not err in determining that an appeal by S.S. would be frivolous. 
Accordingly, because S.S. did not present a substantial question for appellate review, we
affirm the trial court's judgment. The Department's motion to dismiss is denied as moot.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Opinion Delivered June 11, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.